# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| vs. | ) Case No. 2:23-CR-00237-ACA |
| | ) |
| **CORNELIUS ABODUR BROWNLEE, JR.** | ) |

## DEFENDANT'S SENTENCING MEMORANDUM

**COMES NOW** the Defendant, Cornelius Abodur Brownlee, Jr. by and through his attorney, Michael W. Whisonant, Sr. pursuant to Federal Rules of Criminal Procedure, Rule 32, and respectfully moves this Honorable Court pursuant to United States v. Booker, 543 U.S. 220, 125 S/Ct. 738, 160 L.Ed. 2d 621, 205 U.S. Lexis 628 (2005) and its progeny, and the 18 U.S.C. § 3353(a), to impose a sentence at the lower end of the proposed Guideline Sentencing Range in the Presentence Investigation Report (herein after, PSR) and that the Court reframe from Ordering the Defendant to a pay fine; in support of this memorandum, Mr. Brownlee says as follows:

## BACKGROUND

The July 2023 Grand Jury returned a two count Indictment against Mr. Brownlee. Count One charged Mr. Brownlee with the knowing possession of a machinegun, that is, a Glock 10mm pistol modified by the replacement of the slide cover with a machinegun conversion device designed to enable automatic fire, more commonly referred to as a "Glock switch", in violation of 18 U.S.C. § 922(o).

Count Two charged Mr. Brownlee with knowingly receiving and possessing the firearm named in Count One, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d).

On October 3, 2023, Mr. Brownlee pled guilty to Count One of the indictment pursuant to a written plea agreement. In the plea agreement the government agreed to the following:

1. dismiss Count Two at the time of sentencing;
2. recommend that Mr. Brownlee be awarded an appropriate reduction in offense level for acceptance of responsibility ;
3. that he be remanded to the custody of the Bureau of Prisons for a term within the advisory guidelines range, to be determined by the Court; and
4. that the defendant pay a fine and a special assessment fee of $ 100.

This case is currently set for sentencing on Tuesday, January 9th at 11:00 a.m.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Cornelius Brownlee, Jr., was born and raised in the Birmingham area. He reports that he did not suffer abuse or neglect during his childhood, but his family was economically challenged. His parents were never married, and they shared custody. Mr. Brownlee graduated from Jakson-Olin High School in 2021. Since graduation he has had various jobs in the Birmingham area. Over the last few years, Mr. Brownlee has fallen-in with a group of friends who have been a poor influence on him and led him to make some poor life choices.

According to the PSR, Mr. Brownlee has a total criminal history score of zero. A criminal history score of zero establishes a criminal history category of I. However, the PSR contains seven (7) paragraphs about charges pending in the Jefferson County Alabama court system. Those seven paragraphs stem from only two arrests, one in May 2022, and one in January 2023. Mr. Brownlee has not been convicted of any of these charges. As such, Mr. Brownlee is presumed to be innocent of these charges. Therefore, we respectfully ask this Honorable Court not to consider or hold any of these unproven charges against Mr. Brownlee when fashioning a sentence in this case.

**Argument**

A. **3553(a) FACTORS**

Title 18 U.S.C. § 3553(a) sets out the factors the Court should consider when imposing a sentence, a sentence not greater than necessary to comply the with purposes of § 3553(a)(2).  Let's address those factors individually:

(2)(A) The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  Mr. Brownlee pled guilty to a serious offense.  A sentence at the low end of the sentencing guideline range would require a term of incarceration and thus reflect the seriousness of this offense.  Because it would be a sentence of incarceration it would also promote respect for the law and provide a just punishment in this case.

(2)(B) To afford adequate deterrence to criminal conduct.  Prior to this case Mr. Brownlee has never been incarcerated for a significant period.  He has already been in custody in this case for approximately seven (7) months.  That along with an appropriate sentence of incarceration, as recommended below should provide deterrence for any person in similar circumstances who contemplates committing a similar crime.

(2)(C) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  While in custody awaiting the culmination of this case, Mr. Brownlee has had time to contemplate his life and mistakes.  He would like to take advantage of any vocational training offered to him while he is incarcerated.  He especially would like to learn about wielding or HVAC work.  His long term goal is to earn his Commercial Driver's License (CDL) and work in the transportation field.   In short, a sentence at the low end of the sentencing guideline range would allow Mr. Brownlee to take full advantage of any vocational training offered to him while he is incarcerated.

The United States Sentencing Guidelines have been determined to be advisory rather than mandatory.  The Court is required to take the Guidelines into account but is not bound to apply them.  *Booker*, id.  The PSR at paragraph 62 states that based on a total offense level of 15 and a criminal history category of I, the guideline imprison range is 18 to 24 months.  The undersigned respectfully submits that a term of imprisonment of 18 months is sufficient to comply the with purposes of § 3553(a)(2).

### B. Lack of Criminal History

Mr. Brownlee is 21 years old   He has had some encounters with law enforcement in the past, but has never been convicted of a crime.  This case represents his first encounter with federal law enforcement authorities and the first time he has faced a significant prison sentence.  He has no Criminal History Points.  A sentence of more than 18 months would be unnecessarily harsh for a defendant in these circumstances.  Mr. Brownlee is still a young man and has his whole life in front of him.  A sentence of greater than 18 months would likely imbitter him and crush his hopes for a better future.

### C. Admission

Upon his arrest, Mr. Brownlee was interviewed.  He did not lie or try to place blame on others.  He took responsibility for his actions and answered the agent's questions.  He admitted to possession and ownership of the firearm in question and that it had a "Glock Switch" at the time he purchased it.  He said that he bought the firearm, along with a stolen vehicle for $ 800 from an unknow juvenile in early 2023.  Mr. Brownlee admitted that he knew the firearm could fire automatically.

By immediately confessing to this crime, Mr. Brownlee demonstrated his immediate remorse. The undersigned counsel submits that this is another factor which supports an 18-month sentence.

**D. Inability to pay a fine**

Mr. Brownlee does not have the ability to pay a fine. Mr. Brownlee has been incarcerated for approximately seven (7) months and does not have a job. He does not have any assets. (PSR ¶ 58) An Equifax credit report shows that Mr. Brownlee does not have any credit history or outstanding debts. (PSR ¶ 59) Mr. Brownlee is not married and has no children. (PSR ¶ 42) Based on his financial condition Mr. Brownlee does not have the ability to pay a fine within the guideline range.

Mr. Brownlee does recognize that he will owe a Special Assessment fee of $ 100 and does not dispute that assessment.

**FULL CREDIT FOR TIME SERVIED**

Mr. Brownlee was arrested on this case on June 1, 2023 and has been in custody since that time. Mr. Brownlee did not come into federal court on a writ from any other jurisdiction. Mr. Brownlee respectfully requests that the

Court Order that he be given credit on any custodial sentence for the time he has been in custody since his arrest.

### Request for Placement Close to Birmingham, Alabama

Mr. Brownlee was born and raised in the Birmingham, Alabama area. Except for a brief stay in the state of Washington, where he lived with his sister's family, he has always lived in the Birmingham area. Mr. Brownlee's parents and other family members reside in the Birmingham area. Mr. Brownlee respectfully asks that the Court request that the Bureau of Prisons place Mr. Brownlee in a facility as close to Birmingham, Alabama as possible.

A placement close to Birmingham would allow Mr. Brownless's family to visit him more easily. The undersigned suggests that this placement would allow Mr. Brownlee to maintain contact with his family which would facilitate his successful reintegration into society when he is released from custody and will contribute to his long-term success.

### Summation

Mr. Brownless is a young man, a first-time offender who is facing a substantial prison sentence. He realizes that he was involved in a group which led him down the wrong path in life. He hopes to use his time while in

prison to learn a trade.  When he is released from custody, Mr. Brownlee wants to move out of state to get away from his previous life.  Possibly living with family members in Florida or Tennessee.

    Mr. Brownlee takes full responsibility for his actions and recognizes that his offense was very serious.  Being incarcerated for the first time in his life has had a profound impact on him.  A sentence greater than 18 months will not serve any useful purpose.  An 18-month sentence will give Mr. Brownlee the opportunity to come out of prison with a trade that he can use to support himself and an understanding that his life must take a new direction.  A direction Mr. Brownlee wants to take.

    Mr. Brownlee respectfully requests that this Honorable Court impose a sentence of 18 months, which would be within the guideline imprisonment range.

    Respectfully submitted this 16th day of December 2023.

    */s/ Electronic Signature*
MICHAEL W. WHISONANT, SR.
Attorney at Law

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16th, 2023, the foregoing Motion was filed electronically with the Clerk of the Court, Northern District of Alabama, using the CM/ECF system to send notification of such filing.

*/s/ Electronic Signature*

MICHAEL W. WHISONANT, SR.

Attorney at Law